Craig B. Sanders, Esq. (California Bar No. 284397)

csanders@sanderslawpllc.com
**SANDERS LAW, PLLC**
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
*Attorneys for Plaintiff*
File No.: 102845

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BWP Media USA Inc. d/b/a Pacific Coast News, FameFlynet, Inc., National Photo Group, LLC and Michael Kelley, <br><br> Plaintiffs, <br><br> vs. <br><br> PANDAWHALE, INC., <br><br> Defendant. | Docket No: <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Plaintiffs, BWP Media USA Inc. d/b/a Pacific Coast News ("BWP"), FameFlynet, Inc. ("Fame"), National Photo Group, LLC ("NPG") and Michael Kelley ("Kelley") (hereinafter collectively referred to as "*Plaintiffs*"), by and through their undersigned counsel, as and for their Complaint against Defendant PANDAWHALE, INC. ("*Defendant*") state and allege as follows:

## INTRODUCTION

1.    This action seeks to recover for copyright infringement.

1

2.     Plaintiffs provide entertainment-related photojournalism goods and services and own the rights to photographs, primarily featuring celebrities, which they license to online and print publications for profit.

3.     Plaintiffs have obtained U.S. copyright registrations for many of their photographs, and others are the subject of pending copyright applications.

4.     Defendant owns and operates a website known as pandawhale.com and www.pandawhale.com (collectively, the "*Website*") and, without permission or authorization from Plaintiffs, actively copied, stored, modified, and/or displayed Plaintiffs' photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**JURISDICTION AND VENUE**

5.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

6.     Additionally, this Court has subject matter jurisdiction over all of the photographs, inclusive of any unregistered images. *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 130 S.Ct. 1237 (2010); *Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1154 99th Cir. 2007); *Olan Mills, Inc. v. Linn Photo Co.,* 23 F.3d 1345, 1349 (8th Cir. 1994); *Pac. & S. Co., Inc., v. Duncan,* 744 F.2d 1490, 1499 n. 17 (11th Cir. 1984).

7.     This Court has personal jurisdiction over PANDAWHALE, INC. because PANDAWHALE, INC. maintains its principal place of business in California.

8.     Venue is proper under 28 U.S.C. §1391(a)(2) because PANDAWHALE, INC. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**PARTIES**

**I.    Plaintiffs**

9.    BWP is a Delaware corporation and maintains its principal place of business in Los Angeles County, California.

10.    NPG is a California limited liability company and maintains its principal place of business in Los Angeles County, California.

11.    Fame is a California corporation and maintains its principal place of business in Los Angeles County, California.

12.    Plaintiff Kelley is an individual who is a citizen of the State of California and maintains a principal place of business in Los Angeles County, California

**II.    Defendant**

13.    Upon information and belief, Defendant PANDAWHALE, INC., is a California corporation with a principal place of business in Santa Clara County, California, and is liable and responsible to Plaintiffs based on the facts herein alleged.

**FACTS COMMON TO ALL CAUSES OF ACTION**

14.    The Website is a popular and lucrative enterprise that holds itself out as featuring the "best of the web."

15.    The Website purposefully displays celebrity content, including news and/or photographs, including Plaintiffs' copyrighted photographs.

16.    Upon information and belief, some content on the Website is uploaded or otherwise stored by the founders of the Website.

17.    Upon information and belief, some content on the Website is uploaded or otherwise stored by the employees, moderators and/or administrators of the Website.

18.    Upon information and belief, some content on the Website is uploaded or otherwise stored by "whales," as that term is defined by the

Website.

19.   The Website is monetized in that it contains paid advertisements and/or sells merchandise to the public and, on information and belief, Defendant profits from these activities.

20.   The Website is monetized in that it charges fees for some of the services it provides.

21.   Without permission or authorization from Plaintiffs, Defendant volitionally selected, copied, modified, stored, moved and/or displayed Plaintiffs' copyright protected photographs  as set forth in Exhibit "1" which is annexed hereto (hereinafter collectively referred to as the "Photographs"), and incorporated the Photographs in their entirety on the Website.

22.   The Photographs were copied, modified, stored, moved and/or displayed without license or permission, thereby infringing on their copyrights (hereinafter collectively referred to as the "Infringements").

23.   As is set forth more fully in Exhibit "1", each listed Infringement contains the URL ("Uniform Resource Locator") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific item of infringement.  *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

24.   Each listed Infringement in "Exhibit 1" is an exact copy of Plaintiffs' original image(s) that was directly copied and stored by Defendant on the Website.

25.   Each Infringement listed in "Exhibit 1" constitutes a separate and distinct act of infringement by Defendant.

26.   Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying Plaintiffs'

Photographs.

27.    Upon information and belief, Defendant directly contributes to the content posted on the Websites by, *inter alia*, directly employing moderators, administrators and "whales" as Defendant's agents (hereinafter collectively referred to as "Employees"), who are responsible for operating and controlling the activities on the Website.

28.    Defendant's act of designating Employees as moderators, administrators, and/or "whales", regardless of their actual position or their nature of relationship with Defendant, and providing them with specific forum-related powers beyond that of a typical user leads a "third party reasonably to believe the actor has authority to act on behalf of the Defendant." Restatement (Third) of Agency, § 2.03 (2006); *Columbia Pictures Industries, Inc. v. Fung*, No. CV 06–5578(SVW), 2009 WL6355911 (C.D.Cal. Dec.21, 2009) *aff'd in part and modified*, 710 F.3d 1020 (9th Cir. 2013).

29.    Defendant distinguishes "whales" as being producers or creators of content, whereas "pandas" are viewers or consumers of content.

30.    At all material times hereto the Employees were acting within the course and scope of their employment.

31.    At all material times hereto the Employees were acting within the course and scope of their agency.

32.    17 U.S.C. §512, also known as the Digital Millennium Copyright Act ("DMCA") provides a defense against an infringement that is "by reason of the storage at the direction of a user."  The applicable legislative history provides that "[i]nformation that resides on the system or network operated by or for the service provider through its own acts or decisions and not at the direction of a user does not fall within the liability limitation of subsection (c)." *See* S.Rep. No. 105–190, at 43 (1998).

33.     Upon information and belief, none of the Infringements were posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c). Instead, all of the Infringements were posted by Defendant's founder(s), employees, moderators, administrators and/or "whales."

34.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent.

35.     Many of the Infringements were posted by Adam Rifkin, a co-founder of Defendant.

36.     Other Infringements were reviewed, moved, or otherwise "stashed" by Adam Rifkin.

37.     Defendant cannot claim that it was unaware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount only to willful blindness of the Infringements on the part of Defendant.

38.     Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

39.     Additionally, upon information and belief, Defendant, with "red flag" knowledge of the infringements, failed to promptly remove same (*see 17 U.S.C. §512(c)(1)(A)(i)*) as evidenced by the following:

(a)     Defendant's Employees and/or co-founder, created, participated in and commented on "threads" or postings that encouraged members to post copyrighted photographs, including Plaintiffs' Photographs; and

(b)     Defendant's Employees and/or co-founder actively reviewed, monitored, commented on, deleted and/or "cleaned" postings and threads containing Plaintiffs' Photographs.

40.     Further, Defendant has the legal right and ability to control and limit the infringing activities on the Website and exercised and/or had the right and ability to exercise such right, which, on information and belief, is evidenced by the following:

    (a)     Defendant's Employees and/or co-founder had complete control over and actively reviewed and monitored the content posted on the Website.

    (b)     Defendant's Employees and/or co-founder actively review, modify, move, "stash" and delete or "clean" postings and threads.

41.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements. Specifically, by way of the Infringements, the Website had increased traffic and, in turn, Defendant realized an increase its advertising revenues and/or fees. *17 U.S.C. §512(c)(1)(B).*

42.     Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

43.     Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiffs' copyrighted material.

44.     As a result of Defendant's misconduct, Plaintiffs have been substantially harmed.

## FIRST COUNT

### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

45.     Plaintiffs repeat and incorporate by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

46.     The Photographs are original, creative works in which Plaintiffs own valid copyright properly registered with the United States Copyright Office.

47.     Plaintiffs have not licensed Defendant the right to use the Photographs in any manner, nor have Plaintiffs assigned any of their exclusive rights in the Copyrights to Defendant.

48.    Without permission or authorization from Plaintiffs and in willful violation of their rights under 17 U.S.C. §106, Defendant and/or its co-founder improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one or more of Plaintiffs' exclusive rights in its copyrights.

49.    Defendant's reproduction of the Photographs and display of the Photographs on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

50.    Upon information and belief, thousands upon thousands of people have viewed the unlawful copies of the Photographs on the Website.

51.    As a direct and proximate result of Defendant's misconduct, Plaintiffs have been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $30,000.00 per infringement, or up to $150,000.00 for any Infringement found to be willful, in an amount to be proven at trial.

## SECOND COUNT

### *(Vicarious Copyright Infringement)*

52.    Plaintiffs repeat and incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

53.    At all material times hereto, on information and belief, Defendant had the right and ability to supervise and/or control the infringing conduct of its Employees, Agents, co-founders, members and "whales", and declined to exercise the right and ability to supervise or control that infringing conduct, despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

54.     For example, on information and belief, Defendant had the practical ability to police the images on the Website when its Employees edited, modified, moved, "stashed" or otherwise interacted with the Photographs and, therefore, had the right and ability to supervise and control the Infringements.

55.     As a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, on information and belief, Defendant's employees, moderators, administrators, co-founders, users and "whales" have continued to infringe upon Plaintiffs' Photographs, which in turn generates profits for Defendant directly from the use of the Infringements.

56.     Upon information and belief, Defendant enjoyed a direct financial benefit from the infringing activity of its members, Employees, Agents, co-founders, members and "whales" from, *inter alia*, advertising revenue from the increased traffic to its Website, increased fees paid by sponsors, and increased fees charged for services.

57.     Upon information and belief, Defendant further enjoyed a direct financial benefit from using the "draw" of Plaintiffs' Photographs to increase user traffic, thereby increasing revenue.

58.     Defendant is liable as a vicarious infringer since it profited from direct infringement while declining to exercise a right to stop or limit it.  *See e.g., Perfect 10, Inc. v. Amazon.com, Inc*., 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

59.     As a direct and proximate result of Defendant's misconduct, Plaintiffs have been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $30,000.00 per infringement, or up to $150,000.00 for any Infringement found to be willful, in an amount to be proven at trial.

### THIRD COUNT

#### (Inducement of Copyright Infringement)

60.     Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

61.     Defendant takes affirmative steps to encourage and/or foster infringement.

62.     Defendant states that the founders of PandaWhale realized that the internet had become "a series of firehoses," where "stuff goes by so quickly that within a short period it becomes impossible to find again."

63.     Defendant created PandaWhale to "save the gold nuggets from the rushing stream of content."

64.     Defendant describes PandaWhale as "software for saving and organizing great stuff" as well as a community of people who gather to share and view that stuff.

65.     Defendant provides its employees, moderators, administrators, co-founders, and "whales" with a browser extension specifically designed to clip text, images and videos from other websites and store them on PandaWhale.

66.     Defendant actively encourages its employees, moderators, administrators, co-founders, and "whales" to find the "gold nuggets" on the internet, including celebrity content, and to "stash the best stuff on the web" on PandaWhale.

67.     Defendant instructs its employees, moderators, administrators, co-founders, and "whales" on how to use the browser extension for this purpose.

68.     Defendant's actions show an affirmative intent that the product be used to infringe. . . ." *Grokster,* 545 U.S. at 936.

69.     Individuals using the Website have been provided with the means and mechanisms to directly infringe and are directly infringing Plaintiffs' copyrights, by, for example, creating unauthorized reproductions of Plaintiffs'

copyrighted works and distributing copies of such works in violation of Plaintiffs' exclusive rights under 17 U.S.C. §§ 106 and 501.

70.     Defendant has induced and continues to induce infringement by, for example, providing technology on the Website to download and/or forward an image to such social media providers such as Facebook, Instagram, and Twitter and/or failing to block or diminish access to infringing material even though there are technological means to do so that are known to Defendant.

71.     Defendant's infringement is and has been willful, intentional, purposeful and in disregard of the rights of Plaintiffs, and has caused substantial damage to Plaintiffs.

72.     As a direct and proximate result of Defendant's misconduct, Plaintiffs have been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $30,000.00 per infringement, or up to $150,000.00 for any Infringement found to be willful, in an amount to be proven at trial.

## FOURTH COUNT
### (Injunction Pursuant to 17 U.S.C. §502)

73.     Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

74.     Plaintiffs request a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Defendant from displaying the Infringements.

## FIFTH COUNT
### (Attorney Fees and Costs Pursuant to 17 U.S.C. §505)

75.     Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

76.     Plaintiffs request, pursuant to 17 U.S.C. §505, their attorney fees and costs for the prosecution of this action.

11

**JURY DEMAND**

77.    Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiffs' rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and award damages and monetary relief as follows:

a.    Statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $30,000.00 per infringement, or up to $150,000.00 for any Infringement found to be willful, in an amount to be proven at trial or, in the alternative, Plaintiffs' actual damages and the disgorgement of Defendant's wrongful profits in an amount to be proven at trial; and

b.    A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

c.    Plaintiffs' attorneys' fees pursuant to 17 U.S.C. §505; and

d.    Plaintiffs' costs; together with

e.    Such other relief that the Court determines is just and proper.

DATED: October 8, 2015

**SANDERS LAW, PLLC**


By: _/s/ Craig B. Sanders_____
SANDERS LAW, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 281-7601
csanders@sanderslawpllc.com

*Attorneys for Plaintiff*
File No.:102845